JIM TRACEY v. STATE.

No. A-5760. Opinion Filed Feb. 5, 1927.
(252 Pac. 859.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, Jim Tracy, hereinafter called the defendant, was convicted in the county court of Cleveland county, state of Oklahoma, on a charge of maintaining a nuisance by unlawfully and willfully keeping and maintaining a place on the southwest quarter of section 4, township 10 north, range 1 east, where intoxicating liquor, to wit, whisky was manufactured, sold, given away, and otherwise furnished to various and divers persons.

A jury was impaneled and a trial had, the jury found the defendant guilty, and assessed his punishment at a fine of $300, and six months' imprisonment in the county jail.

The section of the statute under which the defendant is charged is section 7022 of the Compiled Statutes of Oklahoma of 1921, which section defines what is necessary to be done in order to constitute a nuisance, and describes the punishment for one who is found guilty of committing one or more of the acts alleged in the statute necessary to constitute a nuisance. It is a very drastic and far-reaching statute.

The defendant has filed twelve assignments of error; 1, 2, 3, 4, and 5, may be treated together, as they each substantially cover the same question raised, and the assignments are as follows:

"(1)   The trial court erred in overruling plaintiff in error's motion for a new trial.

"(2)   The trial court erred in refusing to grant plaintiff in error a new trial.

"(3)   The trial court erred in rendering judgment against, and passing sentence upon, plaintiff in error.

"(4)   The verdict is contrary to the evidence in that same wholly fails to prove the offense charged in the information.

"(5)   The verdict is contrary to law."

Under the assignments herein set out, the question to be decided is, Is the verdict contrary to the evidence in this case, and does the evidence fail to prove the offense charged in the information?  In order to properly consider the assignment set out, and to reach the proper conclusion as to contentions of defendant, we deem it necessary to set out in this opinion a summary of the testimony of the witness as disclosed by the record.

W. W. Jennings testified: That he was an under-sheriff, and knew the defendant.  That he had searched defendant's premises on the date mentioned in the information, and found a still of 100-gallon capacity, a vat, worm, cooler, four barrels of mash, 30 pounds of sugar, a little bran and a keg, about 300 yards north of the defendant's house in a dugout in the side of a ravine.  The still was about 150 feet northeast of the dugout in another dugout.  That some tracks led from one dugout to the other.  That the tracks were followed about 300 yards back toward the house, where they were lost in a wagon track.  That the land where these dugouts were found was timbered, and they were well concealed.  That they did not see any path leading from the defendant's house to the caves.  That there was a trail leading from the still north to the section line.  That the officers had been out to this place some two months previous, and that the defendant was

not living there then, but a man by the name of Bob Stevens was living on the place at that time.

C. I. Adams testified for the state that he was a deputy sheriff, and assisted in the raid; that he found the mash 300 yards, or perhaps 350 yards, north and a little east of the Tracey house; that they did not try to measure defendant's shoes; that defendant, Jim Tracey, went with the officers on the search, and was not reluctant about going; that the still was concealed in the cave by brush.

The defendant, Jim Tracey, in his own behalf, testified that he was a married man and farmer, having lived in that country for 27 years, but had been on these premises a little less than 2 months; that he knew nothing about the still, mash, or other things found; that he went with the officers in the afternoon, and assisted in making the search; that the land where the still and other things were found was rough, and had never had the timber cut from it; that the defendant had not turned stock into this pasture, because he had not yet had time to look over the fences and see what shape they were in, but had kept his horses in the lot at the house. The defendant also testified that he had never been arrested or tried for violating any law prior to his arrest; that he discovered tracks leading from the still and mash away from defendant's house, and north to the section line, and showed them to the officers.

Mrs. Gladys Tracy, wife of defendant Jim Tracey, testified that she and defendant had been married 8 years; that her husband did not know anything about the things that were found; and that her husband was not in the liquor business, and had not been. A number of his neighbors testified in behalf of this defendant, stating that they had known him for many years, and that his reputation was good as a law-abiding citizen in the community in which he lived. This in substance is all the evidence in the case.

There is no testimony in the record to show that any evidence of whisky or a still, or material from which whisky might be made, was found in or near the residence of the defendant. All of the evidence tends to show that the still, mash, and other things found by the officers were 350 or 400 yards from the defendant's house, in a canyon, and there is no evidence tending to show any connection of the defendant with the still and other things found in the canyon and dugouts.

A careful examination of the evidence in this case only tends to create suspicion or a possibility that the things found by the officer belonged to the defendant, and a verdict based on a possibility or supposition is not justified. The state made no effort to show defendant's place had a reputation of a place where whisky was sold. There is no evidence showing that people congregated around defendant's place, or that any of his neghbors even suspicioned the defendant of maintaining a nuisance as set forth in the information. Where there is evidence to support the verdict, this court will not pass upon its weight or sufficiency in order to determine whether or not the defendant is guilty as charged, but we do hold that there must be evidence tending to support the essential allegations of the information.

In this case there is no direct evidence to show that the defendant had possession of the still, mash, and other things claimed to have been found by the officers, nor is there any evidence tending to show that he had any knowledge that these things were in the canyon in the timber where they were found. The defendant denied possession and ownership, or any knowledge of the property that was found in the canyon. There is no evidence of sale, or attempted sale, or of any person, or persons congregating around his place or resorting there for the purpose of drinking liquor.

Several other assignments of error are argued by the defendant, none of which we think it necessary to consider.

The evidence is insufficient to sustain the verdict and judgment. The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.